## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

SEAN A. BISHOP,                          *

    Plaintiff,                          *

    v.                                  *              CIVIL NO. JKB-25-1698

TWITTER,                                 *

    Defendant.                          *

                             *

*    *    *    *    *    *    *    *    *    *    *    *

SEAN A. BISHOP,                          *

    Plaintiff,                          *

    v.                                  *              CIVIL NO. JKB-25-1722

TWITTER, et al.,                         *

    Defendants.                         *

                             *

*    *    *    *    *    *    *    *    *    *    *    *

## MEMORANDUM AND ORDER

Plaintiff filed Complaints in the two above-referenced cases. He also filed Motions to Proceed in Forma Pauperis in both cases. The Court will consolidate the cases, grant the Motions, and dismiss the cases.

Plaintiff filed these cases in forma pauperis pursuant to 28 U.S.C. § 1915(a)(1), which permits an indigent litigant to commence an action in this Court without prepaying the filing fee. To guard against possible abuses of this privilege, the statute requires dismissal of any claim that is frivolous or malicious, or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(i), (ii). "[U]nder 28 U.S.C. § 1915, courts are required to screen a plaintiff's

complaint when in forma pauperis status has been granted." *Harris v. Janssen Healthcare Prods.*, Civ. No. ELH-15-2730, 2015 WL 5897710, at *2 (D. Md. Oct. 6, 2015). Further, "[u]nder 28 U.S.C. § 1915(e)(2)(B)(ii), the court must dismiss a plaintiff's complaint if it fails to state a claim on which relief may be granted." *Id.* This Court is mindful of its obligation to liberally construe self-represented pleadings, such as the instant complaint. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In evaluating such a complaint, the factual allegations are assumed to be true. *Id.* at 93 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007)). Nonetheless, liberal construction does not mean that this Court can ignore a clear failure in the pleading to allege facts which set forth a cognizable claim. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990); *see also Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) (stating a district court may not "conjure up questions never squarely presented").

The complaints and the additional correspondence from Plaintiff reflect that he brings similar claims in both cases. The cases will therefore be consolidated. Further, Plaintiff fails to state a claim. Plaintiff raises no allegations that show that he is entitled to any relief. For instance, Plaintiff claims that he is due compensation from Twitter due to an order of the undersigned in case number JKB-24-2150. However, in that case, far from awarding Plaintiff any damages, the Court dismissed Plaintiff's complaint for failure to state a claim. Plaintiff also raises claims relating to labor practices, patent infringement, and other issues. He appears to believe that Twitter owes him compensation based upon his activity on that platform. In short, like complaint in the previously-dismissed case, the complaints and the correspondence here are insufficient and do not comply with federal pleading requirements.

Accordingly, it is ORDERED that:

1. The Clerk SHALL CONSOLIDATE the two above-referenced cases;

2

2. The Motions to Proceed in Forma Pauperis (ECF No. 5, JKB-25-1698; ECF No. 2, JKB-25-1722) are GRANTED;

3. The Complaints (ECF No. 1, JKB-25-1698; ECF No. 1, JKB-25-1722) are DISMISSED for failure to state a claim; and

4. The Clerk SHALL PROVIDE a copy of this Order to Plaintiff and SHALL CLOSE JKB-25-1698 and JKB-25-1722.

Dated this __20__ day of June, 2025.

FOR THE COURT:

James K. Bredar
United States District Judge

3